# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-1347V
Filed:  October 12, 2017

```
* * * * * * * * * * * * * * * *        Special Master Sanders
JEFFREY HUNTER,                    *
                                   *   Attorney Fees and Costs; Reasonable
                    Petitioner,    *   Amount Requested.
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
                    Respondent.    *
* * * * * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Alexis Babcock, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY FEES AND COSTS[1]

On November 9, 2015, Jeffery Hunter ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that an influenza ("flu") vaccination that he received on November 6, 2013 caused him to develop Guillain-Barré syndrome ("GBS").  *See* Petition ("Pet.") at 1-2, ECF No. 1.  On March 20, 2017, the undersigned issued a Decision dismissing the claim, after Petitioner filed a Motion to Dismiss.  Decision, ECF No. 36; Pet'r's Motion to Dismiss, ECF No. 35.

On September 25, 2017, Petitioner filed a Motion for Attorney Fees.  Motion for Att'y

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Fees ("Mot."), ECF No. 40. Petitioner requested attorney fees in the amount of $10,398.40 and attorney costs in the amount of $769.43. *Id.* at 4. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (Oct. 12, 2017), ECF No. 41. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner did not file a reply thereafter. *See* Informal Communication, docketed October 12, 2017.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorney fees and costs. **Accordingly, the undersigned hereby awards the amount of $11,167.83,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Richard Gage, of Richard Gage, P.C.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).